IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV248-01-MU

ALBERT C. BURGESS,      )
                                  )
        Petitioner,       )
                                  )
        v.                 )           **O R D E R**
                                  )
UNITED STATES OF AMERICA,   )
                                  )
        Respondent.     )
_____)

     **THIS MATTER** comes before the Court upon Petitioner's Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241, filed July 9, 2009.

     Petitioner has filed the instant habeas action alleging that he is being detained

illegally because a search warrant that was issued on March 8, 2008,[1] with instructions that

a return be made "promptly" was not returned until January 28, 2009. Petitioner asserts

that such a lapse in time invalidates the search warrant and taints all evidence seized

pursuant to the search. As such, Petitioner requests that this Court rule that all items

seized may not be introduced in his criminal case.

     A review of the record reveals that Petitioner's criminal case is still pending and is

set for trial on September 8, 2009. (1:09cr17.) In addition, the denial in Petitioner's

pending criminal case of a motion for dismissal of charges for speedy trial violation is

currently on appeal. (09-4584.)

---

[1] Petitioner asserts that the search warrant at issue was issued by a federal
magistrate judge. Petitioner is mistaken – the search warrant was issued by a state judge.
(1:09cr17: Doc. No. 20.)

The law is clear that "where <u>habeas</u> claims raised by a pretrial detainee would be dispositive of the pending federal criminal charges, principles of federal court efficiency require that the petitioner exhaust those claims by raising them at trial and then on direct appeal." <u>Meyers v. Mukasey</u>, 2009 WL 210715, * 1 (E.D. Va. Jan. 28, 2009)(quoting <u>Moore v. United States</u>, 875 F. Supp. 620, 624 (D. Neb. 1994)). In a case similar to the instant case, a petitioner filed a § 2241 petition alleging that he was illegally arrested and was being detained unlawfully; that he was being denied access to the courts; and that his right to a speedy trial was being violated. <u>In re Williams</u>, 306 Fed. App'x 818, 819 (4th Cir. Jan. 15, 2009). The Fourth Circuit dismissed the petition after concluding that the petitioner was not entitled to relief and that he could assert his claims in pretrial proceedings in his pending criminal case. <u>Id.</u> at 819.

After reviewing this case, this Court concludes that Petitioner is not entitled to relief. It appears to this Court that, as the Fourth Circuit instructed the petitioner in the <u>Williams</u> case, this Petitioner too may assert his claims in his pretrial proceedings in his pending criminal case. Petitioner has not presented any non-frivolous basis for pursuing habeas relief in advance of trial. <u>See</u> <u>Jones v. Perkins</u>, 245 U.S. 390, 391-92 (1918)("it is well-settled that in the absence of exceptional circumstances in criminal cases the regular judicial process should be followed and habeas corpus should not be granted in advance of trial.")

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED**.

Signed: July 15, 2009

Graham C. Mullen
United States District Judge